IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES V. D'ALISE, an individual,

      Plaintiff,

vs.                                   No.  10cv0016 WPJ/DJS

BASIC DENTAL IMPLANT SYSTEMS,
INC., a corporation, and DANLIN PRODUCTS,
INC., a corporation,

      Defendants.

## O R D E R

    **THIS MATTER** is before the Court on Plaintiff's Motion to Amend Complaint [**Doc. No. 36**] filed on May 6, 2010, and fully briefed on June 10, 2010.  Plaintiff moves for leave to amend his Complaint to amend the '574 Patent infringement allegations and to withdraw without prejudice his '149 Patent infringement allegations.  Defendants "are amenable" to the granting of Plaintiff's motion to amend conditioned on Plaintiff compensating them for attorneys' fees and costs incurred in defending infringement charges related to the '149 Patent.  Having reviewed the motion, the parties pleadings, and the applicable law, the Court finds that the motion is well taken and will grant Plaintiff's Motion to Amend Complaint.

    Federal Rule of Civil Procedure 15(a) provides an automatic right to amend pleadings once as a matter of course at any time before a responsive pleading is served.  FED.R.CIV.P. 15(a).  Otherwise, Rule 15(a) provides that a party may amend the party's pleading only by leave of court after a responsive pleading is served and leave shall be freely given when justice so requires.  *Id.*  The decision to grant leave to amend a complaint lies within the sound discretion of the trial court.  *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).  Refusing

leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment.  *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993).

Defendants do not allege that Plaintiff filed his motion to amend in bad faith or for dilatory motive or that the amendment would be futile.  However, Defendants contend that "approximately one half of [their] legal fees have been incurred defending the charges related to the '149 Patent" and thus seek attorneys' fees and costs.  Defs.' Opp'n at 3.  Defendants contend Plaintiff had information indicating the '149 patent was clearly invalid prior to the filing of the present action.  In support of their contention, Defendants submitted a February 22, 2009 letter sent to Plaintiff's counsel, advising Plaintiff that based on Defendants' evaluation Patent Nos. '149 and '574 were "invalid based on prior art."  *See* Defs.' Resp.; Ex. I.  In the letter, Defendants' counsel warned Plaintiff's counsel "that continued assertion of the '149 patent could invoke our motion for Rule 11 violation."  *Id.*  Defendants also contend that Plaintiff could have dismissed its '149 claim as a matter of right prior to Defendants filing their responsive pleading.

Defendants argue that the Court has discretion under Rule 15 to grant their request for attorneys' fees and costs.  Nonetheless, the Court declines to exercise it discretion and will deny Defendants' request for attorneys' fees and costs under Rule 15.  First, in their February 22, 2010 letter, Defendants also advised Plaintiff that his '574 Patent was invalid.  Apparently, Plaintiff does not agree with Defendants' evaluation of this claim.  As Plaintiff points out, he filed his motion to amend seeking to dismiss the '149 Patent claims relatively soon after evaluating the information received from Defendants.  Plaintiff contends he was not required to

2

dismiss the claims upon receipt of Defendants' February 22, 2010 letter.  The Court agrees.

Accordingly, Defendants' request for attorneys' fees and costs is denied.

**IT IS SO ORDERED.**

**DON J. SVET**
**United States Magistrate Judge**