IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES V. D'ALISE, an individual,

    Plaintiff,

vs.                                  No. 10cv0016 WPJ/DJS

BASIC DENTAL IMPLANT SYSTEMS,
INC., a corporation, and DANLIN
PRODUCTS, INC., a corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Stay **[Doc. No. 39]** filed on May 20, 2010, and fully briefed on July 7, 2010. Defendants move the Court for an Order staying this action pending resolution of Defendant Basic's Request for Reexamination of the '574 patent filed in the United States Patent and Trademark Office (hereinafter PTO). Plaintiff opposes the motion to stay arguing, *inter alia*, that the motion is premature. Having considered the motion, the parties' briefs, the applicable law, and being otherwise fully informed in the premises, the Court finds that the motion is not well taken and will be **DENIED**.

### I. Background

Plaintiff filed this action on January 7, 2010, alleging patent infringement. On April 1, 2010, the Court held a scheduling conference and entered its Scheduling Order. On April 15, 2010, the Court held a settlement conference. On May 5, 2010, the Court entered a Stipulated Order Staying Scheduling Order Deadlines (Doc. No. 35), staying discovery deadlines until the Court ruled on Defendants' motion to stay. On June 22, 2010, the Court granted Plaintiff's Motion to Amend Complaint (Doc. No. 49).

In his First Amended Complaint for Damages and Injunctive Relief, Plaintiff alleges that Defendants "have and are infringing one or more of independent claims 1 and 25 . . . of the '574 patent . . . ." Compl.¶8.  The '574 patent is entitled "Endosseous Dental Implant of Method of Manufacture."  *Id.*¶7.  The '574 patent expires on May 26, 2015.  Pl.'s Resp. at 5.

On May 20, 2010, Defendant Basic filed a Request for Ex Parte Reexamination of the '574 patent, contending "all of the claims in the '574 patent are unpatentable."  Defs.' Mot. Stay; Ex. F.  Specifically, Defendant Basic made the following request:

> Reexamination is requested for claims 1 to 14 and 16-26 in the patent in view of U.S. Patent No. 4,826,434 to Krueger entitled "Dental Implant" and issued on May 2, 1989 ("Krueger"); and further in view of U.S. Patent No. 4,904,187 to Zingheim entitled "Dental Implant" and issued on February 27, 1990 ("Zingheim"); and further in view of a publication entitled "A Possible Alternative Implant System for the General Practitioner" by Americo Fernandes, DMD, published in Oral Health  no later than January 2004 ("Fernandes").

*Id.*  Defendants move the Court for a stay of these proceedings pending the outcome of the reexamination.

## I.  Discussion

Under Section 302, "[a]ny person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art . . . ."  35 U.S.C. §302.  The request must be based on a prior art patent or printed publication and must compare the prior art to one or more claims of the patent.  *Id.*  Section 303 directs the PTO to determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request for reexamination.  35 U.S.C. §303.  The PTO has three months to make that determination.  *Id.*  If the PTO decides that a substantial new question of patentability is raised, the PTO grants the request and *ex parte* reexamination is initiated.  *Id.*  Once the request for *ex parte* reexamination is granted, the patent owner may file a statement in support of patentability, and the third party

requester may then file a response.  35 U.S.C. §304 ("Within a period of two months from the date of service, that person may file and have considered in the reexamination a reply to any statement filed by the patent owner.").  After that, the third party requester can no longer participate in the reexamination process, and the proceeding is conducted using some of the same procedures as used for initial examination of original patent applications.  35 U.S.C. §305 (noting that "reexamination will be conducted according to the procedures established for initial examination under the provisions of Sections 132 and 133").  At the conclusion of the reexamination, the PTO issues a "reexamination certificate" canceling any claims found unpatentable, confirming any patentable claims, and incorporating any patentable amended or new claims.  35 U.S.C. §307.

"A motion to stay an action pending the resolution of a reexamination proceeding in the United States Patent and Trademark Office is directed to the sound discretion of the court." *Braintree Laboratories, Inc. v. Nephro-Tech, Inc.*, 1997 WL 94237, *8 (D.Kan. 1997).  'In deciding whether to grant a stay, the court must weight the benefits of the stay against the costs." *Motson v. Franklin Covey Co.*, 2005 WL 3465664, *1 (D.N.J. 2005).  In determining whether to stay litigation pending PTO reexamination, courts consider the following factors: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.  *In re Laughlin Products, Inc.*, 265 F.Supp.2d 525, 530 (E.D.Pa. 2003).

In support of their motion to stay, Defendants assert that, "nearly 85% of the Requests for Reexamination are granted."  Defs.' Mot. Stay at 3.  However, a reexamination proceeding in the

3

PTO has no direct effect upon the pending patent infringement action. Once a request is granted, Defendants contend it takes "18-24 months for the Typical Reexamination to be concluded." Defs.' Mot. Stay at 5. Defendants argue there is "the possibility of invalidity of all of the claims asserted in this case" or the possibility that "only certain claims will be confirmed, such as the dependent claims, which are narrower in scope," "making it more probable that the narrower claims would be held by this Court as non-infringing." *Id.*

Plaintiff opposes a stay on several grounds. First, Plaintiff argues the motion is premature since, at this time, the request for reexamination has not been acted upon, and it will likely take three months before the PTO will make the decision to either grant or deny the request for reexamination. Second, Plaintiff opposes the motion to stay because, although Defendants will incur no costs for the reexamination (other than the filing fee), Plaintiff contends he will incur substantial costs before the PTO. Third, Plaintiff opposes the motion to stay arguing that the reexamination will not resolve all issues or create an estoppel against Defendants. Specifically, Plaintiff argues that there are several issues the PTO cannot address in reexamination, issues the Court will have to address even after the PTO issues a reexamination certificate, e.g., doctrine of laches, doctrine of estoppel, exhaustion of patent rights, no infringement of the '574 patent, etc. *See e.g., Enprotech Corp. v. Autotech Corp.*, 1990 WL 37217, *1 (N.D.Ill. 1990)(denying motion stay in part because PTO would not resolve claims of inequitable conduct).

Plaintiff also alleges Defendants are requesting the reexamination for "the dilatory purposes of stalling this litigation and enabling them to duck out of this litigation of the next couple of years." Pl.'s Resp. at 11. As Plaintiff points out, Gordon Blacklock, Defendants' CEO, was aware of the '574 patent since 1998. *See* Defs.' Mot. Stay; Ex. C. Nonetheless,

Blacklock did not request a reexamination at that time.  Based on this dilatory conduct, Plaintiff contends the Court should deny the stay.  *See Freeman v. Minnesota Mining and Mfg. Co.*, 661 F.Supp. 886, 887 (D.Del. 1987)("3M knew about all three of the documents on which its reexamination petition will be based no later than August 8, 1986.  To allow 3M to now use the reexamination process to get this case stayed would be to allow a defendant to use the reexamination as a mere dilatory tactic."); *see also Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*, 1998 WL 1037920, *3 (M.D.N.C. 1998) ("The most compelling reason for denying the stay, however, is Defendant's unjustified delay in requesting a second reexamination with the PTO.  The record indicates that Defendant was aware of the prior art as early as May 5, 1998, if not sooner, when Defendant deposed the inventor of the patent.").

In addition, Plaintiff asserts that a trial in this Court "would almost certainly be concluded well before the reexamination process concludes," even if it takes the PTO the "average" 26.5 months to issue a reexamination certificate in this *ex parte* reexamination.  Pl.'s Resp. at 4.  Defendants agree that it will take at least 18-24 months for a reexamination to be concluded and "more like four years if an appeal is taken."  Defs.' Mot. Stay at 5 & Ex. E.  Plaintiff contends that in only 13% of *ex parte* reexaminations are all claims cancelled.  Pl.'s Resp.; Ex. B (26% all claims confirmed and 61% claims changes).  Defendants also recognize that not all claims may be affected at the reexamination but nonetheless argue the Court would have the benefit of the reexamination at trial.  Defs.' Mot. Stay at 5.

Finally, Plaintiff argues that a stay will unduly prejudice him and will provide Defendants a tactical advantage.  Plaintiff contends the average time it takes the PTO to issue a reexamination and the time for an appeal will adversely affect his interest in vindicating his rights in court.  Plaintiff also argues that the lengthy reexamination process will "open a window

of possibility that changing dental implant technology or market conditions may lessen the value of his right to exclude under the '574 patent." Pl.'s Resp. at 7.  Moreover, Plaintiff contends this is not a case where the PTO's expertise is particularly helpful or needed by the Court as the design of a dental implant kit is not so technical that the Court cannot understand the patent issues before it.

In this case, the factors weigh against staying this action pending PTO reexamination.  Although no trial date has been set, the Court has held a scheduling conference, entered its Scheduling Order, and discovery is well underway.  Even if this factor weighs in favor of a stay, nonetheless, the remaining factors weigh against granting a stay.  The Court notes that at this time the PTO has not granted the reexamination request.  Moreover, even if the PTO grants the reexamination, it is likely that not all of the issues regarding the patent before the Court will be resolved in the reexamination proceeding.  Thus, the Court will have to adjudicate the infringement and validity of at least some patent claims along with the issues not before the PTO.  Therefore, the PTO reexamination may not simplify the issues before the Court.  This factor weighs against granting a stay.

Moreover, granting a stay would unduly prejudice Plaintiff and present a clear tactical advantage for Defendants.  Finally, a stay will not reduce the burden of litigation on Plaintiff or the Court.  For the foregoing reasons, the Court denies Defendants' Motion to Stay.

_____
**DON J. SVET**
**United States Magistrate Judge**