**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAMES V. D'ALISE, an individual,

      Plaintiff,

      vs.                                              No. 10cv0016 WPJ/DJS

BASIC DENTAL IMPLANT SYSTEMS,
INC., a corporation, and DANLIN
PRODUCTS, INC., a corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS**

THIS MATTER comes before the Court upon Defendants' Rule 72 Objection to Order of Magistrate Judge Svet, filed July 20, 2010 **(Doc. 57)**. Having considered the parties' briefs and the applicable law, I find that Defendant's objection is not well-taken and shall be overruled.

**Background**

This is a patent infringement case involving a dental implant. Defendants sought a stay in this action pending resolution of Defendant Basic's Request for Reexamination of the '574 patent filed in the United States Patent and Trademark Office ("PTO"). Plaintiff's position was that the motion was premature. The United States Magistrate Judge Don J. Svet agreed with that position, entering a Memorandum Opinion and Order ("Order") denying Defendants' request for a stay. Doc. 55. Defendants have filed objections to the Order, and Plaintiff has responded to those objections.

**Discussion**

Rule 72 of the Federal Rules of Civil Procedure governs review of orders by Magistrate Judges. Motions to stay are non-dispositive and normally reviewed under the clearly erroneous standard of review. *See Torrance v. Aames Funding Corp.*, 242 F.Supp.2d 862, 864 (D.Or.2002); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010) (motion to stay litigation was non-dispositive). Thus, the standard set out under Rule 72(a) applies to the review of Judge Svet's Order. Under Rule 72(a) of the Federal Rules of Civil Procedure the Court "shall consider [objections made by the parties] . . . and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.Pro. 72(a); *see also* 28 U.S.C. § 636 (b)(1)(A). "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." R. Marcus & E. Sherman, Complex Litigation at 643 (1985).

The issue before Judge Svet was whether to stay the case pending the outcome of a reexamination of the '574 patent. In determining whether to stay litigation pending PTO reexamination, courts consider the following factors: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *In re Laughlin Products, Inc.*, 265 F.Supp.2d 525, 530 (E.D.Pa. 2003).

Judge Svet found that these factors weighed against staying this action pending PTO reexamination. He noted that discovery is well underway in this case, and that waiting until the reexamination would unduly delay litigation in this case; the PTO has not even granted the reexamination request. Judge Svet also found that the reexamination would not sufficiently

simplify the issues before the Court to warrant staying the case and that granting a stay would unduly prejudice Plaintiff and give Defendants a clear tactical advantage.  Finally, Judge Svet found that because the record indicated that Defendants were aware of prior art as far back as May 1998, Defendants could have filed the reexamination request since that time, but did not do so.

Defendants disagree with Judge Svet's findings.  They argue that Plaintiff will incur the costs involved in a reexamination before the PTO whether or not a stay is granted; that adjudication of the infringement claims would be a matter for the Court to decide whether or not a stay was issued, and that the PTO's expertise may resolve complex patent and technical issues which would facilitate a more expeditious jury trial.  Finally, Defendants challenge Judge Svet's finding of dilatory conduct on the part of Defendants.  According to Defendants, however, Basic had successfully convinced Plaintiff's representative twelve years ago that Basic did not infringe on the patent, and that this "presents a classic and highly convincing case of laches."  Obj. at 3.  This may be so, but it was neither clearly erroneous nor contrary to law for the Court to rely on the record to conclude that Defendant had knowledge of the prior art for years, and to leave the question of laches for a later time when the Court addressed the case on its merits.

## Conclusion

I find and conclude that the objections filed by Defendants amount to nothing more than an attempt to obtain a "do-over" of the weighing of the factors already considered by Judge Svet. Defendants do not offer anything by way of law or fact which would lead me to rule differently or find that Judge Svet's weighing of the factors was clearly erroneous or contrary to law. A motion to stay an action pending the resolution of a reexamination proceeding in the United States Patent and Trademark Office "is directed to the sound discretion of the court."

*Braintree Laboratories, Inc. v. Nephro-Tech, Inc.*, 1997 WL 94237, *8 (D.Kan. 1997).  I find no error in Judge Svet's use of discretion in denying of Defendants' motion to stay the proceedings in this case.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Rule 72 Objection to Order of Magistrate Judge Svet (**Doc. 57**) is hereby OVERRULED for reasons described in this Order.

　　　　　　　　　　　　　　　　　　　　　
UNITED STATES DISTRICT JUDGE